UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE L. JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-497-WTL-DML |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION FOR ATTORNEY FEES AND COSTS

Pending before the Court is Plaintiff Stephanie L. Jordan's Motion for Attorney Fees and Costs under the Equal Access to Justice Act ("EAJA"). The motion is fully briefed and the Court, being duly advised, **DENIES** Jordan's motion for the reasons set forth below.

Jordan appealed to this Court after the Commissioner of Social Security ("Commissioner") adopted the decision of an Administrative Law Judge ("ALJ") finding that she was not disabled. The Court determined that remand was required due to the ALJ"s treatment of the opinion of one of Jordan's treating physicians. Jordan now seeks an award of attorney fees and costs.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) she filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner argues that a fee award is not appropriate in this case because his position was substantially justified. The Commissioner has the burden of proving substantial justification, and both the Commissioner's pre-litigation and litigation positions are relevant. *Cunningham v. Barnhart*, 440

F.3d 862, 863-64 (7th Cir. 2006). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* The Commissioner's position need not have been correct–that is, the fact that the case was remanded does not automatically lead to an award of fees–but his position must have been stronger than merely non-frivolous. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

The Court agrees with the Commissioner that his position was substantially justified in this case. Whether the ALJ erred in his interpretation of the opinion of Jordan's treating physician was a close call, and while the Court ultimately determined that error occurred, the Commissioner's position in support of the ALJ's decision was not unreasonable. This is not a case in which the ALJ failed to follow a clear legal standard, but rather is a case in which the claimant and the Commissioner reasonably disagreed with regard to whether the conclusions drawn by the ALJ were supported by substantial evidence. The Court found the claimant's argument more persuasive in this case, but reasonable minds certainly could disagree. Therefore, the Court believes that this is the type of case in which an award of fees and costs is not appropriate under the EAJA even though the Commissioner lost. Accordingly, applying the standard mandated by the EAJA, Jordan's petition for fees must be **DENIED**.

SO ORDERED:   03/23/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Steven R. Jacobs
srjindy@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE

2

tom.kieper@usdoj.gov